

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR PARRA, SR.; KIM ENG; VAL ENG; LAURA ENG; KAM WAN CHAN; EVA CHAN; PETER CHAN; AND ANTONIO VALENUZUELA, <br><br> Plaintiffs, <br> v. <br><br> LANGDON NEAL, RICHARD COWEN, MARISEL HERNANDEZ, AND AND LANCE GOUGH, <br><br> Defendants. | No: 07 C 1506 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs – Arthur Parra, Sr.; Kim Eng; Val Eng; Laura Eng; Kam Wan Chan; Eva Chan; Peter Chan; and Antonio Valenuzuela, individually and behalf of others similarly situated – filed a two-count complaint against members of the Chicago Board of Election Commissioners – Langdon Neal, Richard Cowen, Marisel Hernandez – and the director of the Chicago Board of Election Commissioners – Lance Gough – (collectively, "Defendants"). Plaintiffs' Complaint challenges the Defendants' decision to determine the outcome of the 25th Ward's aldermanic election on February 27, 2007, without the proper consideration of the ballots cast for Candidate Ambrosio Medrano. Currently before the Court is the Defendants' Motion to Dismiss.

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.

1

2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994). A plaintiff is not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

For purposes of this motion, the following facts are taken as true from Plaintiffs' Complaint:

In December 2006, seven people – Ambrosio Medrano, Cuahutemoc Morfin, Daniel "Danny" Solis, Aaron Del Valle, Juan M. Soliz, Joe D. Acevedo, and Martha Padilla – filed nomination papers with the Chicago Board of Election Commissioners requesting to be placed on the ballot as candidates for the alderman of Chicago's 25th Ward for the February 27, 2007 Municipal General Election. (Compl. ¶ 17). After Ambrosio Medrano's nomination papers were filed, several individuals – Nicolas Delgado, Maria Godinez, and Diana Garcia – filed objections to his nomination. (Compl. ¶ 18). Specifically, they asserted that Medrano's candidacy was barred by 65 ILCS 5/3.1-10-5(b), which provides that a person who "has been

2

convicted, in any court located in the United States, of any infamous crime, bribery, perjury or other felony" is "not eligible for an elective municipal office." 65 ILCS 5/3.1-10-5. (Compl. ¶ 18). Medrano was convicted in July 1996 of felony extortion arising out of misconduct in office. (Compl. ¶ 18). On January 12, 2007, the Chicago Board of Election Commissioners heard and ruled upon these objections, declaring Medrano's nomination papers valid and ordering that he be placed on the ballot as a candidate for the office of Alderman of Chicago's 25th Ward. (Compl. ¶¶ 18-19).

Beginning on January 18, 2007, and continuing to February 26, 2007, the Chicago Board of Election Commissioners accepted Absent Voters' Ballots. (Compl. ¶ 20). At least one person voted for Mendrano *via* an Absent Voter's Ballot. (Compl. ¶ 20).

In January 2007, the individuals challenging Medrano's nomination, Delgado, *et al.*, sought judicial review of the Chicago Board of Election Commissioners' decision in the Cook County Circuit Court. (Compl. ¶ 21). On January 26, 2007, the circuit court affirmed the Chicago Board of Election Commissioners' decision to place Medrano on the ballot as a aldermanic candidate for the 25th Ward. (Compl. ¶ 21).

Between February 5, 2007 and February 22, 2007, the Chicago Board of Election Commissioners offered early, in-person voting at one site in each of Chicago's 50 Wards. (Compl. ¶ 22). Upon information and belief, at least 178 people voted early for Medrano. (Compl. ¶ 22).

In February 2007, the individuals challenging Medrano's nomination, Delgado, *et al.*, appealed the Cook County Circuit Court's decision directly to the Illinois Supreme Court. (Compl. ¶ 23). On February 23, 2007, the Illinois Supreme Court reversed the Circuit Court's

decision and remanded the case with directions that the Circuit Court order the Chicago Board of Election Commissioners to declare Medrano ineligible to run for aldermanic office; to reject Medrano's nomination papers; to remove Medrano's name from the ballot; and to disregard any votes for Medrano in determining the winner of the election for the 25th Ward. (Compl. ¶ 23). The Court also ordered that "[T]he court's judgment shall further provide that if removal of Mr. Medrano's name from the ballot cannot be accomplished prior to election day, the Election Board shall disregard any votes cast for him in determining the winner of the election. *Delgado v. Board of Election Commissioners of the City of Chicago*, __ N.E.2d __, 2007 WL 549728 (2007). Later that day, the Circuit Court complied with the Supreme Court's supervisory order. (Compl. ¶ 23). The Board declared that "[B]ecause removal of Ambrosio Medrano's name from the ballot as a candidate for the office of Alderman of the 25th Ward of the City of Chicago cannot be accomplished prior to election day on February 27, 2007, any votes cast for Medrano shall be disregarded in determining the winner of the election for Alderman in the 25th Ward."

The Municipal General Election was held on February 27, 2007. (Compl. ¶ 24). At least an additional 105 people voted for Medrano in the General Election on election day. (Compl. ¶ 24).

Plaintiffs to the instant lawsuit are all registered voters, all residents of the City of Chicago and of Cook County, Illinois, and all voted in the Municipal General Election for Ambrosio Medrano. (Comp. ¶¶ 4-11). These Plaintiffs voted for Medrano at different times and by different methods. One of the Plaintiffs, Parra, voted by absentee ballot. (Compl. ¶ 4). Another Plaintiff, Kim Eng, voted in person during the early voting period offered by the

4

Chicago Board of Election Commissioners. (Compl. ¶ 5). Others – Val Eng, Laura Eng, Kam Wan Chan, Eva Chan, Peter Chan, and Antonio Venezuela – voted for Candidate Medrano in person on election day. (Compl. ¶¶ 6-11). None of the Plaintiffs, nor those similarly situated, were informed that their votes would not be counted, nor were they afforded an opportunity to recast their votes. (Compl. ¶¶ 20, 22, 24).

On March 8, 2007, the Chicago Board of Election Commissioners held a board meeting to determine procedures for handling votes cast for Medrano for the purpose of proclamation of the results of the Municipal General Election. (Compl. ¶ 25). The Chicago Board of Election Commissioners, consistent with the Illinois Supreme Court's ruling, voted to determine the outcome of the General Election without counting any of the votes for Medrano. (Compl. ¶ 25).

On March 19, 2007, the Chicago Board of Election Commissioners' Website indicated the results of the 6,854 votes cast in the Municipal General Election for the office of alderman for Chicago's 25th Ward as follows:

| Candidate | Votes Received | % of Votes Cast |
|---|---|---|
| Daniel Solis | 3522 | 51.39% |
| Cuahutemoc Morfin | 1535 | 22.40% |
| Aaron Del Valle | 329 | 4.80% |
| Juan M. Soliz | 627 | 9.15% |
| Joe D. Acevedo | 291 | 4.25% |
| Martha Padilla | 550 | 8.02% |

(Compl. ¶ 26). Based on the results, Daniel Solis is the winner of the Municipal General Election for the alderman of Chicago's 25th Ward outright with a majority of the votes cast. However, Plaintiffs claim, if the Chicago Board of Election Commissioners counted the 284

votes that Medrano received, none of the candidates would have had a majority of the votes, and a run-off election would have been be necessary. (Compl. ¶¶ 26, 28(a)).

## ANALYSIS

Defendants prosecute this motion on four grounds: (1) that the *Rooker-Feldman* doctrine deprives this Court of subject-matter jurisdiction; (2) that Plaintiffs' claims should be barred under the *res judicata* doctrine; (3) that Plaintiffs' failure to join an indispensable party – Daniel Solis – warrants dismissal under Federal Rule of Civil Procedure 12(b)(7); and (4) that Plaintiffs fail to state a claim under which relief can be granted. The Defendants' first three arguments are unavailing.

The *Rooker-Feldman* doctrine precludes federal district court jurisdiction over claims that seek review of state-court judgments or over claims "inextricably intertwined" with state-court determinations, absent Congressional authorization. *Remer v. Burlington Area School District*, 205 F.3d 990, 996 (7th Cir. 2000). However, the United States Supreme Court has recently clarified the *Rooker-Feldman* doctrine, holding that it does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment. *Lance v. Dennis*, 546 U.S. 459 (2006) (*Lance*).

The Defendants attempt to distinguish the ruling in *Lance*. Although, "there are circumstances, however limited, in which *Rooker-Feldman* may be applied against a party not named in an earlier state proceeding," *Lance*, 546 U.S. at n.2, this case does not fit within the limited circumstances anticipated by the *Lance* Court. Defendants argue that the facts strongly suggest that there is an identity of interests involved in the state and federal court lawsuits and

6

that the Plaintiffs in the instant case are being controlled by Candidate Cuahutemoc Morfin, who was unsuccessful in his candidacy for Chicago 25th Ward Alderman and received the second highest number of votes. Nonetheless, the Plaintiffs here, all voters, as noted above, were not parties to the state-court judgment and were not in privity with the plaintiffs in the *Delgado, et al.* action. The *Delgado, et al.* action was brought by individuals who were challenging the right of Medrano to be a candidate for the 25th Ward alderman. This case is brought on behalf of individuals who voted for Medrano. The interests of the litigants have key differences: in the previous litigation, Candidate Medrano sought to remain a candidate on the ballot; here, the Voter Plaintiffs seek to have their votes for Medrano counted generally in determining the total votes cast, claiming the failure to do so is a violation of their civil rights. The facts required to support the application of the state statute, 65 ILCS 5/3.1-10-5(b), in state court were as follows: (1) that defendant-candidate Medrano had been convicted; (2) of an infamous crime, bribery, perjury, or other felony; (3) in any court; (4) located within the United States. The state court then had to determine whether Medrano received a pardon. Here, the Plaintiffs, all voters, allege constitutional claims related to the alleged deprivation of their right to vote and the denial of an otherwise required run-off election between candidates, including Morfin. Thus, the Plaintiffs in the instant matter cannot be said to be in privity with the plaintiffs in the *Delgado, et al.* case.

The Defendants also argue that the Plaintiffs' claims should be barred under the doctrine of *res judicata*. Under 28 U.S.C. § 1738, federal courts must give a state-court judgment "full faith and credit," meaning that federal courts must give state-court judgments the *res judicata* effect an Illinois court would give it. *Torres v. Rebarchak*, 814 F.2d 1219, 1222 (7th Cir.1987)

(applying Illinois law). *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir.1999) ("Because an Illinois state court rendered the . . . order at issue, we must apply Illinois law to determine whether *res judicata* bars [the] claims."). *Res judicata* bars a later suit between parties involving the same cause of action and includes "what was actually decided in the first action, as well as those matters that could have been decided in that suit." *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290 (1998). For the doctrine of *res judicata* to apply, three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause[s] of action, and (3) there is an identity of parties or their privies." *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000). Here, for the reasons stated above, there is no identity of parties or causes of action; and the doctrine of *res judicata* does not apply.

The Defendants further argue that the action should be dismissed for failure to join a necessary and indispensable party, under Federal Rule of Civil Procedure 12(b)(7). The Defendants argue that Candidate Solis, the purported victor of the 25th Ward aldermanic election, must be joined and that the failure to join him as a Defendant to this action warrants dismissal. Here, Candidate Solis's interests are adequately represented by the members and director of Chicago Board of Election Commissioners who are named as Defendants (both seek to maintain the status quo); there is no risk of incomplete judgment or inconsistent judgments if he is not joined. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001).

Lastly, the Defendants argue that Plaintiffs fail to state a 42 U.S.C. § 1983 claim under which relief can be granted. The Plaintiffs, individually and on behalf of others similarly situated, assert claims under Section 1983. Plaintiffs allege that the Defendants' failed to

8

properly count ballots of qualified voters, in violation of the Equal Protection Clause; and/or that the Defendants failed to properly inform Medrano voters that their votes would not count, and failed provide them with an opportunity to recast their ballots, in violation of the Due Process Clause (Compl. ¶¶ 31, 32). Defendants argue that Plaintiffs have not cited any case law that stands for the proposition that it is a violation of the Equal Protection Clause not to count votes cast for an ineligible candidate. Defendants cite *Bodine v. Elkhart County Election Board*, 788 F.2d 1270, 1272 (7th Cir. 1986), and assert that determining how to count votes cast for non-eligible candidates is the "garden variety" kind of determination that does not implicate the Due Process Clause.

The law governing the application of Section 1983 for alleged violations of the electoral process is well settled: "Protection is extended to the right of all qualified citizens to vote in state and federal elections, *Reynolds v. Sims*, 377 U.S. 533, 554 (1964), and to the right to have votes counted without dilution as compared to the votes of others. *Hadley v. Junior College District of Metropolitan Kansas City*, 397 U.S. 50, 52 (1970)." *Bodine v. Elkhart County Election Bd.*, 788 F.2d 1270, 1271 (7th Cir. 1986) (*Bodine*). Yet, the Constitution has clearly given the States the power to regulate and structure their own election process. *Burdick v. Takushi*, 504 U.S. 428, 433 (1992). Yet, it is "not every election irregularity . . ., which will give rise to a constitutional claim and an action under section 1983." *Hennings v. Grafton*, 523 F.2d 861, 864 (7th Cir. 1975) (*Hennings*). Section 1983 is implicated for election maladministration when there has been purposeful discrimination, *Snowden v. Hughes*, 321 US 1 (1944), racial discrimination, *Smith v. Allwright*, 321 US 649 (1944), fraudulent interference, or "willful conduct which undermines the organic processes by which candidates are elected." *Hennings*, 523 F.2d at 864.

At this stage, Plaintiffs are not required to plead the facts or elements of a claim. *Swierkiewicz*, 534 U.S. at 511. Plaintiffs do not plead – nor are they required to plead – that they are members of any protected class, that they are the victims of invidious discrimination, or that Defendants engaged in willful conduct or fraud. Nonetheless, the Court must be able to hypothesize facts, consistent with the Plaintiffs' Complaint, that would make out a Section 1983 claim. Here, Plaintiffs have not met this limited burden. A summary of Plaintiffs' Complaint is set out above and does not claim willful or purposeful conduct. Nor can this be inferred; the conduct of the Chicago Board of Election Commissioners which disregarded the votes cast for Medrano and in not allowing Medrano voters to re-vote was performed at the direct order of the Illinois Supreme Court.

For these reasons, Defendants' Motion to Dismiss for failure to state a claim is granted. However, the Plaintiffs are given leave to file an Amended Complaint within 30 days of this order, assuming that Plaintiffs can do so consistent with their obligations under Federal Rule of Civil Procedure 11.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted. Assuming that Plaintiffs can do so consistent with their obligations under the Federal Rules of Civil Procedure, Plaintiffs are given leave to file an Amended Complaint within 30 days of this order.

Dated: June 6, 2007

JOHN W. DARRAH
United States District Court Judge